

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROADRUNNER TRAILERS OF TEXAS, INC., § § § Plaintiff, § § v. § MONACO COACH CORPORATION and § BUDDY GREGG MOTOR HOMES, INC., § § Defendants. § | § § § § § § § § § § § | Case No. 4:05-CV-303 |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND**

Now before the court is Plaintiff Roadrunner Trailers of Texas, Inc.'s Motion to Remand, filed on August 11, 2005. Dkt. # 5. Defendants Monaco Coach Corporation and Buddy Gregg Motor Homes, Inc. joined in a response filed on August 19, 2005. Dkt. # 7. After reviewing the parties' arguments, submissions, and the applicable law, the court is of the opinion that Plaintiff's Motion to Remand should be DENIED.

**I.      Procedural History**

Roadrunner Trailers of Texas, Inc. (Roadrunner) filed this action on August 5, 2002 in the 211th Judicial District Court of Denton County, Texas. Mot. to Remand ¶ 2. Buddy Gregg Homes, Inc. (Buddy Gregg) and Monaco Coach Corporation (Monaco Coach) were served with Roadrunner's petition nearly three years later on June 17, 2005 and June 20, 2005, respectively. *Id.* ¶ 3. On July 20, 2005, Monaco Coach, with the consent of Buddy Gregg, filed a notice of removal in the United States District Court for the Eastern District of Texas, Texarkana Division. Notice of

Removal at 1. By order of the court, the case was transferred to the Sherman Division of this court on July 25, 2005. Order of July 25, 2005.

## II. Roadrunner's Motion to Remand

Of immediate concern to the court is Roadrunner's motion to remand for want of subject matter jurisdiction. Mot. to Remand ¶ 6. Because the parties do not dispute that this case arises under state law, the disposition of Roadrunner's motion turns solely on the presence or absence of diversity jurisdiction. *See* Original Pet. at 2. More specifically, because the parties do not dispute that Roadrunner and Monaco Coach are diverse parties, the issue before the court is reduced simply to that of Buddy Gregg's citizenship. *See* Mot. to Remand ¶ 6. If Buddy Gregg, like Roadrunner, is a citizen of Texas, then there is no diversity jurisdiction and the case must be remanded. Alternatively, if Buddy Gregg is not a citizen of Texas, then there is diversity jurisdiction and remand is unwarranted.

## III. Discussion

Under 28 U.S.C. § 1447(c), a district court must remand a case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Where, as here, a plaintiff moves to remand a case for lack of jurisdiction, the burden of establishing jurisdiction rests upon the defendant and any doubt as to the propriety of removal must be resolved in favor of remand. *See, e.g., Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995). As the sole issue raised by Roadrunner's motion concerns the presence or absence of diversity jurisdiction, it is accordingly Buddy Gregg's burden to demonstrate that this court's exercise of jurisdiction is proper pursuant to 28 U.S.C. § 1332.

A district court, under 28 U.S.C. § 1332(a), may exercise jurisdiction over a case if the

amount in controversy exceeds $75,000 and the parties to the case are citizens of different states. Since the Supreme Court's decision in *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), § 1332's diversity requirement has been interpreted as requiring complete diversity. *See, e.g.*, *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Complete diversity exists "only if there is no plaintiff and no defendant who are citizens of the same State." *Id*. In the context of suits between corporations then, complete diversity exists only if none of the defendant corporations are incorporated in, or have their principal place of business in, a state in which a plaintiff corporation is incorporated or in which a plaintiff corporation has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

In the present case, the court holds that Buddy Gregg satisfied its burden of demonstrating that jurisdiction in this court is proper under 28 U.S.C. § 1332. This holding is informed by two findings. First, the court finds that the amount in controversy far exceeds the $75,000 statutory minimum required by § 1332(a). District courts ordinarily consult a plaintiff's state court petition to determine the amount in controversy. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The test is whether it is apparent from the face of the petition that the claims are likely to exceed $75,000. *Id*. (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 295, 298 (5th Cir. 1999)). In the instant case, it is beyond dispute that Roadrunner's claims far exceed the $75,000 statutory minimum. To wit, Roadrunner seeks, *inter alia*, rescission of a contract for a 2002 Monaco Signature Motor Home valued at $499,500. Original Pet. at 3, 8. Because Roadrunner asserts a number of claims in addition to this, it is apparent from the face of Roadrunner's petition that the amount in controversy requirement is satisfied.

The court finds secondly that the parties in this case are completely diverse. As intimated, it is undisputed that Roadrunner is a Texas citizen for the purpose of diversity jurisdiction. Mot. to

Remand ¶ 6; Notice of Removal ¶ 2. It is further undisputed that Monaco Coach is an Oregon citizen for the purpose of diversity jurisdiction. Mot. to Remand ¶ 6; Notice of Removal ¶ 2. The question therefore remains regarding Buddy Gregg's citizenship. While Roadrunner asserts that Buddy Gregg is a Texas citizen for the purpose of diversity jurisdiction, Mot. to Remand ¶ 6, the court finds otherwise. This finding is informed by two documents submitted by Buddy Gregg. The first document is a printout from the Texas Comptroller of Public Accounts's website. Defs.' Resp. Ex. A. This document states that Buddy Gregg's state of incorporation is Tennessee. *Id.* The second document is an affidavit by Mark T. Molder, Buddy Gregg's Chief Operating Officer. Defs.' Resp. Ex. B. This affidavit establishes that Buddy Gregg is incorporated in Tennessee and has its principal place of business in Knoxville, Tennessee. *Id.* Because Roadrunner submitted no evidence to controvert the facts contained in these documents, the court finds that Buddy Gregg is a citizen of Tennessee for the purpose of diversity jurisdiction.

**IV.     Conclusion**

In light of the preceding findings, the court holds that the Roadrunner, Monaco Coach and Buddy Gregg are citizens of different states and thus diverse for the purpose of 28 U.S.C. § 1332. Roadrunner's Motion to Remand for want of diversity jurisdiction is accordingly DENIED.

**SIGNED this the 16th day of September, 2005.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE